Filed 9/27/21  P. v. Martin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091375 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F11358) |
| v. | |
| RAYMOND DAVID MARTIN, | |
| Defendant and Appellant. | |

Defendant Raymond David Martin appeals from the trial court's order denying his petition for resentencing brought pursuant to Penal Code section 1170.95.[1]  Defendant argues the trial court erred when it determined that his conviction for first degree murder with robbery and burglary special circumstances precluded his eligibility for relief.  We affirm.

---

[1]      Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury found defendant guilty of first degree murder (§ 187), assault with a firearm (§ 245, subd. (b)), first degree burglary (§ 459), and robbery (§ 211), and found true special circumstance allegations of robbery murder (§ 190.2, subd. (a)(17)) and burglary murder (§ 190.2, subd. (a)(17)), and that a principal was armed with a firearm during the commission of the crimes. (§ 12022, subd. (a)).

The convictions resulted from an attempted home invasion robbery of a drug dealer by defendant and his two codefendants, Vincent Gregory and Stanley Mason. During the robbery, Gregory shot and killed a man and shot the man's girlfriend in the leg. This court affirmed defendant's conviction on appeal.

In 2019, defendant filed a section 1170.95 petition for resentencing, seeking to vacate his murder conviction on the ground that he could no longer be convicted of first degree murder because of changes made to sections 188 and 189, effective January 1, 2019. The trial court appointed counsel and ordered a briefing schedule for the People's response to the petition and defendant's reply.

After the parties submitted their briefs, the court denied the petition, finding defendant failed to show he fell within the provisions of section 1170.95 and therefore failed to make a prima facie showing of eligibility for relief. Specifically, the court found relevant that a jury unanimously found defendant guilty of first degree murder and also found true the burglary-murder and a robbery-murder special circumstances. The jury's findings, including special circumstances, were then upheld on appeal. Thus, the court concluded defendant was ineligible for relief under section 1170.95 because "Penal Code §§ 187 [*sic*] and 189 still provide for first degree murder based on burglary-murder and robbery-murder, when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the burglary and robbery with reckless indifference to human life, as a

2

unanimous jury in [defendant's case] necessarily found," and the jury's special circumstances findings have not been vacated.

## DISCUSSION

### I

### *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a

3

petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

II

*Special Circumstances*

Defendant argues the trial court erred when it determined the special circumstance finding conclusively established his ineligibility for resentencing because the jury necessarily concluded that he was either the actual killer, a major participant, or acted with reckless indifference. He contends that the special circumstances findings in this case do not necessarily bar his section 1170.95 relief because, after the jury made its findings in this case, our Supreme Court issued two opinions that clarified and narrowed the definitions of "major participant" and "reckless indifference to human life." (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).) Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020,

4

S262011 (*Torres*), defendant asserts *Banks* and *Clark* require further litigation of his case to determine his eligibility for relief, and specifically, that the matter should be remanded for the trial court to issue an order to show cause for an evidentiary hearing under section 1170.95.

The Attorney General responds that *Torres* was wrongly decided, and although *Banks* and *Clark* enabled defendants to file new habeas corpus petitions attacking their special circumstance convictions, "section 1170.95 does not provide defendants with a generalized collateral attack on their convictions." Rather, the Attorney General argues, a defendant must first seek habeas relief on a special circumstance conviction and, if successful, can then proceed through the section 1170.95 process.

While briefing in this case was ongoing, the Fourth Appellate District, Division One in *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, and the Second Appellate District, Division One in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*), issued opinions supportive of the Attorney General's position. (See *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978.) More recently, Division Five of the Second Appellate District, in *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954 (*York*), followed *Torres* and criticized *Galvan*. (See *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835.) The Second Appellate District, Division One then issued *People v. Allison* (2020) 55 Cal.App.5th 449 (*Allison*) in direct response to *York*. (*Allison,* at p. 449.) Most recently, the Fourth Appellate District, Division Two followed *Allison* in *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021, S265854, as did the Second Appellate District, Division Two in *People v. Nunez* (2020) 57 Cal.App.5th 78,

review granted January 13, 2021, S265918.**2**  As we will explain, we find *Galvan* and *Allison* more persuasive on this issue than the cases to the contrary.

In 1990, our electorate enacted section 190.2, which defines felony-murder special circumstances under subdivision (d) consistently with the holding in *Tison v. Arizona* (1987) 481 U.S. 137 [95 L.Ed.2d 127].  (*In re Scoggins* (2020) 9 Cal.5th 667, 674-675.) Later, our Supreme Court's decisions in *Banks* and *Clark* clarified "what it means for an aiding and abetting defendant to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' [and] construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres, supra*, 46 Cal.App.5th at p. 1179, review granted; see *Galvan, supra*, 52 Cal.App.5th at p. 1141, review granted.)  In *Galvan*, the appellate court acknowledged these changes to section 190.2, subdivision (d) and considered whether a defendant could relitigate his special circumstance conviction using section 1170.95. (*Galvan,* at p. 1141.)  There, as here, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* were decided.  (*Galvan,* at pp. 1138-1139.)  On appeal, the defendant, like defendant here, argued that *Banks* and *Clark* had altered the meaning of "major participant" and "reckless indifference to human life" such that he was entitled to reconsideration of the conviction under section 1170.95.  (*Galvan,* at p. 1137.)

The *Galvan* court first considered the relevant statutory language:  "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder *because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437*."  (*Galvan, supra*, 52 Cal.App.5th at p. 1142,

**2**     Although certain of those cases also concern the appropriate stage in the section 1170.95 proceedings for appointment of counsel, this case does not, as the trial court appointed counsel for defendant and received briefing prior to denying the petition.

6

review granted, italics added; § 1170.95, subd. (a)(3), italics added.) The court concluded that as to Galvan the requirement was not met, because "[a]lthough [the defendant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [the defendant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan,* at p. 1142.)

The *Galvan* court also observed that permitting defendants to relitigate a special circumstance finding by way of a section 1170.95 petition would "give [them] an enormous advantage over other similarly situated defendants based solely on the date of [their] conviction." (*Galvan, supra*, 52 Cal.App.5th at p. 1142, review granted.) "Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People would need only to show that substantial evidence supported that finding." (*Id.* at pp. 1142-1143.) Defendants convicted before *Banks* and *Clark*, on the other hand, could challenge the special circumstance findings under section 1170.95, which would require the prosecution "to prove the special circumstance beyond a reasonable doubt." (*Galvan,* at p. 1143.) "[N]othing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Ibid*.)

7

Defendant urges us to follow *Torres, supra*, 46 Cal.App.5th 1168, review granted, which also addressed the denial of a section 1170.95 petition based on the changes made by *Banks* and *Clark*. The *Torres* court concluded the summary denial of the defendant's petition based on the pre-*Banks*/*Clark* special circumstance finding raised the "possibility that [the defendant] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the defendant's] constitutional right to due process" and, as relevant here, reversed and remanded. (*Torres,* at p. 1180.)

Torres had already sought habeas relief, claiming the special circumstance finding was no longer valid; his petition for relief had been denied. (*Torres, supra*, 46 Cal.App.5th at p. 1180, fn. 4, review granted.) The appellate court considered whether that habeas corpus petition precluded the section 1170.95 petition but did not opine on whether habeas relief was more appropriate in light of section 1170.95's statutory language.

In *York, supra*, 54 Cal.App.5th 250, review granted, the appellate court did consider whether a habeas corpus petition was a preferable route to relief. (*Id.* at pp. 258-259.) The *York* court reviewed the language of section 1170.95, subdivision (d)(2), which provides a streamlined path to relief under section 1170.95 if a defendant has "a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." Because the statute does not include a counterpart to this subdivision accounting for a situation where there is a prior finding that a petitioner *did* act with reckless indifference to human life and *was* a major participant in the underlying felony, the court reasoned such a finding should not preclude a petitioner from relief. (*York,* at pp. 260-261.) The court concluded *Galvan* was incorrect when it concluded the defendant there could only avail himself of relief "because of" *Banks* and *Clark*, rather than Senate Bill No. 1437. Absent Senate Bill No. 1437, a successful *Banks* and *Clark* challenge would invalidate only the special

8

circumstance finding, whereas a successful section 1170.95 petition would invalidate a murder conviction. (*York,* at p. 261.)

The *Allison* court addressed *York* after ordering briefing on the precise issue here: "Whether the trial court properly relied on [the defendant's] admission of felony-murder special circumstances (§ 190.2, subd. (a)(17)) as the sole basis for finding that he had not made a prima facie showing that he was entitled to relief." (*Allison, supra,* 55 Cal.App.5th at p. 456.) The *Allison* court first emphasized that section 1170.95 requires a prima facie showing by petitioner that he " '*could not* be convicted of . . . murder because of changes to Section 188 or 189 made' in Senate Bill No. 1437." (*Allison,* at p. 457.) It noted that the requirements for a finding of felony murder under the newly amended version of section 189 were *identical* to the requirements of the felony-murder special circumstance that had been in effect at the time of the challenged murder conviction (in the *Allison* case, 1997; in the instant case, 2008). (*Allison,* at p. 457.) Thus, the special circumstance finding showed "as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Ibid*.)

The *Allison* court disagreed with the argument to the contrary embraced by *York,* that because no court had examined whether there was a factual basis for the special circumstance finding since *Banks* and *Clark* were decided, the finding was insufficient to show ineligibility as a matter of law. (*Allison, supra,* 55 Cal.App.5th at pp. 457-458.) We agree with the *Allison* court that *Banks* and *Clark* did not change the law, but merely clarified the same principles that existed earlier. (See *Allison,* at p. 458; see also *In re Miller* (2017) 14 Cal.App.5th 960, 978.) As the *Allison* court noted, the pattern jury instructions remain the same; *Banks* and *Clark* merely resulted in the addition of *optional* language thereto. (*Allison,* at p. 458.)

We further observe that the language in section 1170.95, subdivision (d)(2) anticipates, rather than precludes, the possibility of habeas relief before a section 1170.95

9

petition because one way to obtain a "prior finding" that meets the subdivision's requirements is via habeas corpus. (*In re Ramirez* (2019) 32 Cal.App.5th 384, 406.) If a defendant has successfully obtained such relief, the trial court must provide the petitioner access to section 1170.95 relief. Nothing precludes relief under section 1170.95—the language simply presumes a petitioner will pursue alternative relief first.

Finally, we disagree that reliance on a special circumstance finding to determine that a defendant cannot make a prima facie case for resentencing as a matter of law requires the trial court to make "a separate determination concerning the validity of the special circumstance." (*York, supra*, 54 Cal.App.5th at p. 262, review granted.) Such reliance on the jury finding requires only a simple review of the record to determine whether the factfinder found the special circumstance to be true and what that finding entailed. Such a review of prior proceedings is fully contemplated by section 1170.95, subdivision (c) and has been recently upheld by our Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952, 970-972, which explained: "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. (See Stats. 2018, ch. 1015, § 1, subd. (f).)." (*Id.* at p. 971.)

We find the *Allison* court's responses to *York* persuasive, and the analyses of *Allison* and *Galvan,* considered together, convince us that the appropriate avenue for defendant's challenge to the special circumstance allegations is through a petition for writ of habeas corpus, rather than the section 1170.95 petition filed in this case. (See *In re Miller, supra*, 14 Cal.App.5th at pp. 979-980 [permitting habeas corpus challenge to special circumstance conviction].) The trial court did not err when it denied defendant's petition.

10

## DISPOSITION

The trial court's order is affirmed.

/s/
BLEASE, Acting P. J.

We concur:

/s/
HULL, J.

/s/
RENNER, J.

11